Filed 2/20/26  P. v. Hooks CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VERNON HOOKS,<br><br>Defendant and Appellant. | B343649<br><br>(Los Angeles County<br>Super. Ct. No. TA056513) |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin Filer, Judge.  Appeal dismissed.

Dan E. Chambers, under appointment by the Court of Appeal; Vernon Hooks, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Vernon Hooks appeals from an order denying his motion for resentencing under Penal Code section 1172.1.[1]  Hooks's appointed counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.  (See *People v. Rosemond* (2025) 108 Cal.App.5th 667, 673 [*Delgadillo* applies to denial of relief under § 1172.1].)[2]  Hooks filed a supplemental brief arguing he is entitled to relief because, among other reasons, certain laws enacted after his conviction became final would potentially benefit him if the court were to resentence him.  Because the order from which Hooks appeals is not appealable, we lack jurisdiction and therefore dismiss the appeal.

## BACKGROUND

In 2000, a jury found Hooks guilty of one count of attempted murder and one count of assault with a firearm and found various firearm and great bodily injury enhancements to be true.  On direct appeal from the judgment, this court vacated the original sentence and remanded the matter for resentencing.  (*People v. Hooks* (Mar. 21, 2002, B149218) [nonpub. opn.].)  Upon remand, the court sentenced Hooks to 32 years to life in prison.

On November 1, 2024, Hooks, as a self-represented litigant, filed a "motion for modification of sentence" referencing, among other statutes, Assembly Bill No. 600 (2023-2024 Reg. Sess.),

---

[1] Undesignated statutory references are to the Penal Code.

[2] Counsel sent a copy of the brief and the record on appeal to Hooks and informed Hooks that he had the right to file a supplemental brief.  We are satisfied that counsel has complied with the obligations under *Delgadillo*.

which amended section 1172.1 to "authorize the court to recall a sentence, on its own motion, at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed due to new statutory or case law authority" (Stats. 2023, ch. 446),[3] and Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended section 1385 to specify factors that a trial court must consider when deciding whether to strike enhancements in the interest of justice (Stats. 2021, ch. 721, § 1). He also asked the court to consider attached evidence of his rehabilitation efforts in prison.

On January 13, 2025, the trial court issued an order stating, in pertinent part: "The Court finds that the Defendant is not entitled to file pursuant to [section] 1172.1(c). The Court is not required to respond and finds there is no legal basis for [the] request and therefore, this request is denied and [the] Court takes no action." On January 27, 2025, Hooks filed a notice of appeal from the order.

### DISCUSSION

Under section 1172.1, "the [trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd.

---

[3] Although Hooks cited to "Senate Bill 600," it is clear from the context he provided in his motion that he was referring to Assembly Bill No. 600.

(a)(1).)  The court may also act upon the recommendation of certain state government officials.  (*Ibid.*)

A defendant, however, "is not entitled to file a petition seeking relief from the court under [section 1172.1]" (§ 1172.1, subd. (c)), and a defendant who nevertheless files such "an unauthorized request for resentencing has no *right* to a ruling" (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*)).

Although a court that receives an unauthorized request for resentencing under section 1172.1 may exercise its discretion under the statute to recall the defendant's sentence on its own motion, if it declines to exercise such discretion, the order is not appealable and we lack the authority to rule on the merits of the appeal.  (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1044; *People v. Roy* (2025) 110 Cal.App.5th 991, 994; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692; *People v. Wilson* (2025) 109 Cal.App.5th 198, 202; *Hodge, supra,* 107 Cal.App.5th at p. 999; compare *People v. Olea* (2025) 115 Cal.App.5th 889, 902 [denial of § 1172.1 petition filed by a defendant was an appealable order because the trial court "effectively evaluated and denied [the defendant]'s petition on the merits, thus affecting [his] substantial rights"].)

Hooks filed an unauthorized request for resentencing, and the trial court's order declining to act on the request is nonappealable.[4]  Accordingly, we dismiss the appeal for lack of jurisdiction.

---

[4] Aside from section 1172.1, none of the other statutes Hooks cited in his briefing in the trial court or appeal authorizes his request for resentencing.

4

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.